IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2018

## RASHAD DEWAYNE SEAY, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County**
No. 11-CR-689      Brody N. Kane, Judge

_____

### No. M2017-01128-CCA-R3-PC

_____

A Wilson County jury convicted Rashad Dewayne Seay, Jr. ("the Petitioner") of two counts of sale of a Schedule II controlled substance. Following the voluntary dismissal of his direct appeal, the Petitioner filed a *pro se* post-conviction petition, which the post-conviction court dismissed as time-barred. Upon review, we conclude that the petition was timely filed, and therefore, reverse the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Laural Hemenway (on appeal), Nashville, Tennessee, and Maggan B. Sullivan (at hearing), Lebanon, Tennessee, for the appellant, Rashad Dewayne Seay, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In November 2012, a Wilson County jury convicted the Petitioner of two counts of sale of a Schedule II controlled substance. On February 12, 2013, the Petitioner was sentenced to an effective term of thirty-six years. The Petitioner timely filed a motion for new trial. Although the trial court orally denied the motion for new trial during the November 14, 2013 hearing, the written order denying the motion was not entered until

February 25, 2014.[1]  The Petitioner filed his notice of appeal on March 10, 2014.  On November 13, 2014, the Petitioner voluntarily moved to dismiss his direct appeal and the motion was granted by this court on December 3, 2014.  *See State v. Rashad Dewayne Seay, Jr.*, M2014-00456-CCA-R3-CD (Tenn. Crim. App. 2014) *app. dismissed* (Dec. 3, 2014).

The Petitioner filed his *pro se* post-conviction petition on March 9, 2015.  On April 8, 2015, the post-conviction court entered a "Preliminary Order" finding that the petition stated a colorable claim, and on April 14, 2015, the post-conviction court appointed counsel for the Petitioner.

On October 21, 2015, post-conviction counsel filed a "Notice of Intent Not to File Amended Petition for Post[-c]onviction and Request to Review for Hearing" ("the notice").  Paragraphs 8 and 9 of the notice provided:

8.  As part of the original agreement with the State of Tennessee prior to trial, [the] Petitioner [] waived his appeal rights on 11-CR-689.[2]  All pending charges were dropped if he agreed to waive his appeal right on 11-CR-689.  [The] Petitioner [] agreed and all pending charges were dropped.

9.  Because [the Petitioner's] conviction and sentence are now final and not subject to further appeal, this petition is ripe.

The "State's Response to Petitioner's Petition for Post-[c]onviction Relief" ("the Response") was filed on November 19, 2015.  Paragraph 2 of the Response provided:

As to paragraph 9 [of the notice], the State submits that the [Petitioner]'s petition is barred by the one year statute of limitations found in T[ennessee] C[ode] A[nnotated section] 40-30-102.  The [Petitioner] was tried on November 20, 2012.  His sentencing occurred thereafter, and his motion for a new trial was heard on September 19, 2013.  Thus, his judgment became final on October 19, 2013.  The [Petitioner] waived, in writing, his right to appeal.  Therefore, the petition should have been filed prior to October 19, 2014.  However, the petition was filed in May of 2015.  The statute of

---

[1] The trial court judge, David E. Durham, presided over the case but retired prior to the filing of the post-conviction relief petition.

[2] Neither the record in this case nor the record in the direct appeal contains a plea agreement or written waiver of appeal.  In the brief filed in this appeal, appellate counsel, to the contrary of what was stated in the notice, correctly claimed "an appeal had already been filed prior to the affidavit being signed in which the Appelant (sic) waived his appeal."

limitations was not tolled for any reason. Therefore the petition is untimely.

Based on the record before us and the record from the direct appeal, it is obvious that Paragraph 2 of the Response was replete with error, both factually and legally. The only correct date in Paragraph 2 was the trial date, November 20, 2012. The petition for post-conviction relief was filed on March 9, 2015, not in May of 2015. The Petitioner's motion for a new trial was heard on November 14, 2013, not September 19, 2013.[3] However, it is not the date the motion is heard that commences the running of the time within which a defendant may appeal. Tennessee Rule of Appellate Procedure 4(c) states in pertinent part that if a timely motion for new trial is filed, "the time for appeal for all parties shall run from entry of the order denying a new trial[.]" The order denying the Petitioner's motion for new trial was entered on February 25, 2014. However, what was most misleading about the Response was the claim that the Petitioner "waived, in writing, his right to appeal." The Petitioner in fact *appealed* his convictions resulting from his November 20, 2012 jury trial. The record in the direct appeal shows that the Petitioner filed a Notice of Appeal on March 10, 2014, and then served it on the District Attorney General. On March 25, 2014, the trial court ordered the transcript from the November 14, 2013 hearing on the motion for new trial to be prepared. The trial court clerk prepared and filed the certificate of the appellate record. The transcript of the jury trial was prepared and filed. In the Petitioner's affidavit which he filed with his motion to dismiss his direct appeal, the Petitioner averred that "[it] is my desire to voluntarily dismiss this appeal since the State has agreed to dismiss all pending charges on the condition that this appeal is dismissed."

On January 4, 2017, the post-conviction court, without a hearing, entered an order dismissing the post-conviction petition as "time-barred for failing to satisfy the one year statute of limitations pursuant to T[ennessee] C[ode] A[nnotated section] 40-30-107." The order, which incorporated the Response's incorrect dates and the misstatement about the Petitioner waiving his right to appeal, stated:

> The Petitioner's case was tried on November 20, 2012. He was then sentenced and his new trial motion was heard and denied on September 19, 2013. Therefore, his judgment of conviction became final on October 19, 2013.

---

[3] We take judicial notice of the technical record of the Petitioner's direct appeal, *see State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009), to ascertain the correct dates of the motion for new trial hearing and the filing of the order denying the motion for new trial.

Petitioner waived his right to appeal. Therefore, his petition must have been filed by October 19, 2014, to have been timely. The instant petition was filed late in May 2015.

The Petitioner filed the direct appeal with this court on March 10, 2014. *See State v. Rashad Dewayne Seay, Jr.*, M2014-00456-CCA-R3-CD (Tenn. Crim. App. 2014) app. dismissed (Dec. 3, 2014).

The Petitioner claims and the State concedes that the post-conviction court erred in dismissing the petition as time-barred. We agree.

Initially, we note that the post-conviction court's reliance on the Response filed by the assistant district attorney general was misplaced. If the Response had been competently prepared or if post-conviction counsel had with some degree of zealousness challenged the Response, in all likelihood this appeal would not have been necessary, the Attorney General's Office would not have been in a position requiring that it concede error, and the post-conviction court would not be getting reversed for dismissing the petition as time-barred.

In determining the running of the statute of limitations for a post-conviction petition, the Post-Conviction Procedure Act states the following:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a) (2017).

The final action of the highest state appellate court to which an appeal was taken occurred on December 3, 2014, when this court dismissed the Petitioner's direct appeal. *See Rashad Dewayne Seay, Jr.,* M2014-00456-CCA-R3-CD (Tenn. Crim. App. 2014) *app. dismissed* (Dec. 3, 2014).

Therefore, we conclude that the Petitioner's statute of limitations for filing a post-conviction petition began to run on December 3, 2014 . *See Kenneth Ray Jobe v. State*, No. W2014-00997-CCA-R3-PC, 2015 WL 513592, at *2 (Tenn. Crim. App. Feb. 6, 2015) (concluding that the post-conviction petition was timely filed when the petitioner filed the petition within one year of his voluntary dismissal of his direct appeal), *no perm.*

- 4 -

*app. filed*.  Thus, his March 2015 post-conviction petition was filed within the one year statute of limitations and is not time-barred.  Accordingly, the judgment of the post-conviction court is reversed, and the case is remanded for an evidentiary hearing on the petition.


_____
ROBERT L. HOLLOWAY, JR., JUDGE